**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELLIS LEATON,

        Plaintiff,

v.                                            No. 09-CV 382 WPL/CG

NAVAJO REFINERY,

        Defendant.

**ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF ELLIS LEATON**

**THIS MATTER** comes before the Court on Defendant's *Motion to Compel Discovery Responses from Plaintiff Ellis Leaton* (Doc. 44), and Defendant's *Supplemental Motion to Compel Discovery from Plaintiff Ellis Leaton* (Doc. 53). Plaintiff failed to respond to either of Defendant's Motions. Both Motions came to be heard before the Honorable Carmen E. Garza on February 8, 2011. After having reviewed the Defendant's Motions, having heard from both parties, and otherwise being fully advised in the matter, the Court finds that Defendant's Motions are well taken and should be **GRANTED**.

Navajo Refinery sent its first set of interrogatories, requests for production, and requests for admissions on November 9, 2010. (Doc. 44 at 1; Doc. 53 at 1). Plaintiff's response was due no later than December 14, 2010. (*Id.*); FED. R. CIV. P. 33(b)(2), 34(b)(2)(A) (requiring that a party answer or object to requests for interrogatories and requests for production within 30 days after being served). Plaintiff failed to provide the requested discovery by that point, and he further failed to comply with three informal extensions of time provided by Defense counsel. (Doc. 53 at 1-2). Defendant then filed its initial *Motion to Compel Discovery from Plaintiff Ellis Leaton*. (Doc. 44 at 1-2). Plaintiff never responded to Defendant's Motion.

Plaintiff provided discovery responses on January 11 and January 18, 2011, more than two months after the initial discovery request. (Doc. 53 at 2). Plaintiff's responses were inadequate in several respects, and Defense counsel requested that Plaintiff supplement his responses on January 27, 2011. (*Id.* at 2-3). Plaintiff never responded to Defendant's request for supplementation, resulting in Defendant's *Supplemental Motion to Compel Discovery from Plaintiff Ellis Leaton*. (*Id.* at 3). Once again, Plaintiff never responded to Defendant's Motion.

Furthermore, the Court further notes that Defendant served Plaintiff with its Second Set of Interrogatories and Requests for Production of Documents on January 4, 2011. (Doc. 43; Doc. 59 at 1). Plaintiff's response to Defendant's second round of discovery requests was due no later than February 7, 2011. (Doc. 59 at 1). Plaintiff has once again failed to respond to Defendant's discovery requests. (*Id.*).

The responses provided by Plaintiff on January 18, 2011, are deficient in the following respects:

    a.    They are unverified;

    b.    No documents for which production is requested have been provided nor have any documents in particular been identified;

    c.    Plaintiff's unverified responses, that have been provided, are deficient in the following respects:

        i.    There is no indication as to the names of healthcare providers or what they are expected to testify to or the possible import of that testimony as requested in Interrogatory No. 3.

        ii.    There is no detail as to the exhibits Plaintiff, at this point,

|      | intends to potentially use at trial as requested in Interrogatory No. 4. |
|------|---|
| iii. | There is no detail provided in answer to Interrogatory 5. |
| iv.  | There is no detail provided in answer to Interrogatory No. 6. |
| v.   | The answer to Interrogatory 8 is broad and conclusory containing no detail as requested in Interrogatory No. 8. |
| vi.  | There is no detail provided in the answer to Interrogatory No. 9 as requested in Interrogatory No. 9. |
| vii. | There is no detail in the answer to Interrogatory No. 10 requesting information on damages and the mode of calculating damages; |
| viii.| There is no detail in the answer to Interrogatory No. 12 requesting information on any allegations involving pretext; |
| ix.  | There is no detail in the answer to Interrogatory No. 13 requesting information on other incidents in which alleged similarly situated employees were treated differently than Plaintiff. |
| x.   | There is no detail in the answer to Interrogatory No. 14 regarding Plaintiff's claims for emotional distress. |

The Court heard from both parties on February 8, 2011, and the Court determined that these deficiencies must be remedied by Plaintiff. The Court noted that Plaintiff has had more than 3 months in which to provide adequate responses to Defendant's discovery requests. Plaintiff's counsel claimed that he had been too busy to provide responses in a

timely manner, stating "with the holidays and all that, we've been trying to do catch up on this case." Counsel further stated that his client has not been completely cooperative in providing discovery responses due to Plaintiff's medical conditions and busy schedule. Finally, Plaintiff's counsel claims that much of the requested documentation exists in the record of a prior state court proceeding.

The Court is not persuaded by counsel's excuses. Defendant is entitled to seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things [which relate to those claims or defenses]." FED. R. CIV. P. 26(b)(1). Plaintiff has not claimed that the requested materials are not relevant or that they are privileged. Plaintiff has not responded to either of Defendant's motion to compel or provided any legitimate explanation for his failure to timely respond to Defendant's discovery request. The deadline for completing discovery is set to expire in less than one month, and Defendant still has not received a full response to its initial discovery requests. (Doc. 35 at 1 (pursuant to the Court's Scheduling Order, discovery must be completed by March 14, 2011)).

Accordingly, the Court ordered Plaintiff to supplement his discovery response and correct the deficiencies noted by defense counsel. The Court advised Plaintiff at the hearing that he had until 3:00 p.m. Mountain Standard Time on February 15, 2011, by which to respond to Defendant's requests for supplementation. Plaintiff was warned that failure to comply with the Court's order could result in the imposition of further sanctions. Nevertheless, Plaintiff failed to provide any discovery responses by that date. Plaintiff's counsel states that Plaintiff has not cooperated fully with his attempts to provide the

requested discovery by the February 15 deadline. (*See* Doc. 57 at 1).

This Order reflects the Court's ruling at the February 8 hearing that Plaintiff and his counsel have failed to cooperate in discovery and that sanctions are justified pursuant to FED. R. CIV. P. 37(a)(4)(a) and Fed. R. Civ. P. 37(d)(1)(B)(3). As stated at the hearing, this Court will award Defendant its reasonable costs and attorneys' fees incurred in preparing and arguing both Motions to Compel. (*See* Doc. 56). Based on the Affidavit submitted by Defendant's counsel, that amount is $993.05. (*See* Doc. 58). These fees are to be paid within one (1) month from the date of this Order and are the joint responsibility of Plaintiff and his counsel. *See In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (holding that sanctions may appropriately be levied against an attorney if failure to comply with discovery obligations is partially or wholly the fault of the litigant's attorney).

Furthermore, because Plaintiff has continued to ignore this Court's order to supplement his discovery responses, the Court finds that continuing sanctions are appropriate. Plaintiff and his attorney will be sanctioned one hundred ($100) dollars per day until the supplemental discovery is provided. In the hopes that further sanctions will spur Plaintiff to comply with his discovery obligations, these continuing sanctions will commence within one week of the filing of this Order.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Compel Discovery Responses from Plaintiff Ellis Leaton* (Doc. 44) and *Supplemental Motion to Compel Discovery from Plaintiff Ellis Leaton* (Doc. 53) are **GRANTED**. Plaintiff and Plaintiff's attorney will be required to pay Defendant's reasonable costs and attorney's fees in the amount of $993.05.

**IT IS FURTHER ORDERED** that Plaintiff and his Counsel shall pay one hundred ($100) dollars for every day that they fail to supplement the discovery responses. These sanctions shall begin within one week from the entry of this Order. The one hundred dollars per day shall be payable to the Clerk of the Court.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES DISTRICT JUDGE