IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELLIS LEATON,

       Plaintiff,

v.                                No. 09-CV 382 WPL/CG

NAVAJO REFINERY,

       Defendant.

## <u>ORDER DENYING MOTION TO WITHDRAW</u>

**THIS MATTER** is before the Court on Attorney Gilbert Vigil's *Unopposed Motion to Withdraw as Counsel for Plaintiff* ('Motion'). (Doc. 57). Mr. Vigil states that neither his client nor defense counsel oppose the Motion, though this is not quite accurate. Defense counsel's consent to the Motion is conditioned on the assurance that Plaintiff will comply with his discovery obligations. (*See* Doc. 59 at 1-2). The Court, having reviewed the parties' pleadings, the relevant case law, and otherwise being fully advised in the premises, **FINDS** the Motion not to be well taken and will **DENY** the Motion.

Mr. Vigil's current Motion is related to a discovery dispute between Plaintiff and Defendant. Navajo Refinery sent its first set of interrogatories, requests for production, and requests for admissions on November 9, 2010. (Doc. 44 at 1; Doc. 53 at 1). Plaintiff failed to respond within a timely manner, resulting in Defendant filing two motions to compel discovery responses.[1] The Court heard from both parties at a hearing on February 8, 2010, and the Court found that Plaintiff had failed to comply with his discovery obligations. (Doc. 56; Doc. 60). The Court imposed sanctions on both Plaintiff and his counsel, and the Court further required that Plaintiff provide his overdue discovery responses no later than

---

[1] A fuller accounting of Plaintiff's failure to comply with his discovery obligations can be found in this Court's order granting Defendant's motions to compel. (*See* Doc. 61).

February 15, 2010.

Mr. Vigil states that he called his client three times in the week leading up to the February 15 deadline so as to prepare the discovery responses. (Doc. 57 at 1-2). Mr. Vigil claims that he was unable to coordinate a meeting with Plaintiff, partially because Plaintiff had recently found new employment. (*Id.* at 2-3). Mr. Vigil claims that his inability to meet with his client in the week between February 8-15, 2010 demonstrates that "the attorney-client relationship has deteriorated to such a point that he cannot possibly meet deadlines set by the Court . . .". (*Id.* at 2). Mr. Vigil offers no further support for his Motion to withdraw.

Typically, the Court has wide discretion in granting or denying an attorney's motion to withdraw as counsel. *See, e.g.*, *Abell v. Babbitt,* No. 98-2315, 1999 WL 215403, *2 (10th Cir. April 14, 1999) (unpublished) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). In determining whether Mr. Vigil may withdraw, the Court looks to both the New Mexico Rules of Professional Conduct and the American Bar Association Model Rules of Professional Conduct for guidance. *See, e.g.*, *Hakim v. Leonhardt*, 126 F.App'x 25, 26 (2d Cir. 2005) ("Codes of Professional Conduct . . . and the [A.B.A] Model Code guide our assessment of whether 'good cause' to withdraw exists.").

Both rules provide for permissive withdrawal in certain situations. Both the New Mexico and A.B.A. Rules permit an attorney to withdraw if a client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." N.M. STAT. ANN. § 16-116(B)(5); A.B.A. MODEL RULES of PROF'L CONDUCT R. 1.16(b)(5). However, the commentary to the A.B.A. Model Rules further notes that this provision is typically applicable where a client violates an agreement relating to fees or court costs or an

2

agreement limiting the objectives of the representation. *See* A.B.A. MODEL RULES OF PROF'L CONDUCT R. 1.16. The Court finds that Mr. Vigil's inability to set up a meeting with his client in the week between February 8-15 does not constitute a failure on Plaintiff's part to "substantially . . . fulfill an obligation to the lawyer regarding the lawyer's services . . .". Additionally, there is no indication that Mr. Vigil ever warned Plaintiff that his failure to meet and prepare the discovery responses would result in Mr. Vigil moving to withdraw from the case. (*See* Doc. 57).

Both Rules further allow for an attorney to withdraw when "other good cause for withdrawal exists." N.M. STAT. ANN. § 16-116(B)(7); A.B.A. MODEL RULES OF PROF'L CONDUCT R. 1.16(b)(7). Once again, the commentary to the A.B.A. Model Rules states that the "good cause" provision is typically applicable in situations involving "antagonism between the lawyer and the client." A.B.A. MODEL RULES OF PROF'L CONDUCT R. 1.16; *see also White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (collecting cases).

Attorneys are normally expected to represent their clients until the completion of a case. An attorney may only withdraw by leave of the court, and only upon a showing of good cause. *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *Streetman v. Lynaugh*, 674 F.Supp. 229, 235 (E.D. Tex. 1987) ("[A]n attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client."). Unless "there is a demonstrated conflict of interest or counsel and defendant are so embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense[,]" courts are typically given wide latitude to deny motions

3

to withdraw. *United States v. Cole*, 988 F.2d 681, 681 (7th Cir. 1993). In this case, the Court finds that Mr. Vigil has not established good cause to withdraw.

Mr. Vigil's sole basis for withdrawing in this case is that he was unable to find a mutually beneficial time to meet with his client during the week of February 8-15, 2011. (Doc. 57). While it was incumbent upon both Mr. Vigil and Plaintiff to find time to adequately comply with their discovery obligations, Mr. Vigil states that he and Plaintiff were in contact throughout the week and that Plaintiff called him back when he missed Mr. Vigil's calls. (Doc. 57 at 2). Mr. Vigil offers no other facts to support his contention that "the attorney-client relationship has deteriorated to such a point that he cannot possibly meet deadlines set by the Court . . .". (*Id.*). The Court finds that Mr. Vigil has failed to show the kind of communication breakdown or adversarial relationship contemplated by the Rules. *See, e.g.*, *F.T.C v. Intellipay, Inc.*, 828 F.Supp. 33 (S.D. Tex. 1993) (finding that an attorney's allegation that his client had not communicated with him for over a month did not provide good cause to allow the attorney to withdraw).

Furthermore, even if this Court were to find that good cause existed for Mr. Vigil to withdraw, it is incumbent on the court to ensure that the prosecution of the lawsuit is not unduly disrupted by the withdrawal of counsel. *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). Such a determination involves consideration of several factors, including the extent to which the withdrawal will disrupt or delay a case, and whether the withdrawal will prejudice opposing parties. *Whiting v. Lacara*, 187 F.3d 317, 320 (2nd Cir. 1999); *Laster v. District of Columbia*, 460 F.Supp. 2d 111, 113 (D.D.C. 2006). The Court finds that both factors weigh against allowing Mr. Vigil to withdraw. Both Mr. Vigil and Plaintiff have been ordered to provide long overdue discovery to Defendants. Discovery is set to expire in less

4

than one month, and Defendant has yet to receive a full response to his first set of interrogatories. (*See* Doc. 35 at 1 (pursuant to the Court's Scheduling Order, discovery must be completed by March 14, 2011)). Neither has Defendant received any response to his second set of interrogatories, even though those responses were due no later than February 7. (Doc. 59 at 1). Allowing Mr. Vigil, who has been coordinating Plaintiff's discovery responses, to withdraw at this juncture would undoubtedly delay a discovery process that has already been unduly delayed. Indeed, Defendant raised those specific concerns in his response to Mr. Vigil's Motion. (*See* Doc. 59).

**IT IS THEREFORE ORDERED** that Attorney Gilbert Vigil's *Unopposed Motion to Withdraw as Counsel for Plaintiff* (Doc. 57) is **DENIED**. Mr. Vigil shall continue to represent Mr. Leaton and the Court reminds Mr. Vigil that he is still under a continuing obligation to ensure that Plaintiff responds to Defendant's discovery requests.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES DISTRICT JUDGE

5